**BERRY et al. v. KEMLINE METAL PRODUCTS CO., Inc. (two cases).**

Nos. 10370, 10371.

United States Court of Appeals Third Circuit.

Argued April 5, 1951.

Decided Sept. 6, 1951.

Townsend F. Beaman, Jackson, Mich., for plaintiffs. (Zachary T. Wobensmith, II; Philadelphia, Pa., on the brief), for plaintiffs-appellants.

John P. Chandler, New York City (Howson & Howson, Philadelphia, Pa., on the brief), for defendant.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

BIGGS, Chief Judge.

We have reviewed the record in these appeals, have considered the briefs and oral arguments and have examined the opinion of the court below reported at 93 F.Supp. 584–589. That opinion gives a full exposition of the questions involved. There is no reason why we should repeat here what was so lucidly said by Chief Judge Kirkpatrick. We concur in all of the findings and conclusions of the court below, save one. We conclude that the trial judge erred in finding Claim 4 of Berry Patent 1,906,361 valid.

Claim 4 is for a target assembly for a cash register. It is well described in the opinion of the court below, 93 F.Supp. at page 585. Berry's disclosures were exploited, insofar as the record shows, entirely in the field of children's toys though, as we shall point out later, the scope of the patent is not so limited. But the court below held Claim 4 valid because it was in the children's toy field, saying, 93 F.Supp. at page 586: "The many patents relating to commercial cash registers are all relevant as prior art, but it must be borne in mind that what Berry was working on was a toy. The object was to design something not too complicated that would be interesting to chil-

dren, would appeal to parents and which would sell. It had to work reasonably well but primarily it had to be simple, durable and inexpensive. He was not particularly interested in the precision and efficiency which are absolutely necessary in the commercial type and not at all in expensive adjuncts which are often desired. *The overall problem was so different that the fact that the various elements of the patent all appeared in one form or another in the commercial machines is not too strong an argument against the invention involved in adapting, simplifying and putting them together to make a child's toy.*" [1]

The numerous patents in the record relating to commercial cash registers are, as the court below pointed out, clearly relevant as part of the prior art. At least four of these deal with target assemblies; Smithson, 555,407 of 1896, Jacobs, 964,026 of 1910, for a "Toy Cash Register", Webster, et al., 393,089 of 1888, and Green 1,-817,816 of 1931. None of these displays exactly Berry's target assembly and there are indeed differences between Berry and the devices of the patents enumerated. But we find Berry's disclosures are so essentially similar to those of Smithson, Jacobs, Webster and Green as not to warrant the conclusion of the court below that Berry possessed and exercised inventive genius in creating his particular form of target assembly. In the mechanical field, genius, perhaps, does not have to be a hot flame but it cannot be as cold as this, nor as fugacious, for Berry's accomplishments seem to fade into commercial success. We think that Berry demonstrated only mechanical ingenuity. Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 159 F.2d 590, 592; Richmond Screw Anchor Co. v. Umbach, 7 Cir., 173 F.2d 521, 524. Cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 153, 71 S.Ct. 127.

But it is with the paragraph quoted from the opinion of the court below and particularly the contents of the italicized sentence therefrom with which we are most concerned. We cannot perceive how the fact that Berry made a child's toy helps his inventive position. As we have said he does not claim a child's toy but a cash register without limitation. Only at the very beginning of the specification and only once does Berry state that his disclosure relates to a toy. Not a single claim is directed to a toy cash register. But assuming that Berry had directed his disclosures solely to toys, the fact that he made a successful toy will not avoid the long established prior art. We can perceive how a toy might fail to anticipate a commercial device but we cannot see how a commercial device would fail to anticipate a toy under these circumstances where the changes effected by the patentee are only those of material and form. We reject the conception that an entry into toyland complicated Berry's problems of structure.

The parties, though represented by experienced counsel, have neglected to include the complaint, answer, counterclaim and reply in the appendix so that we have had to resort to the original record in order to determine the form in which the judgment of the court below must be cast. See Rule 16 of this court. The judgment is divided into ten paragraphs. The first adjudicates Berry 1,906,361 to be "good and valid in law". The second paragraph adjudges Berry to be "the original, first and sole inventor of the improvements in Cash Registers, described and claimed in" 1,906,361. Paragraph 6 adjudicates that Kemline's toy cash register infringes Claim 4 of 1,906,361. We may state that if Claim 4 were valid we also would find it to have been infringed. The ninth paragraph awards the plaintiffs damages and the tenth paragraph refers the case to a master to ascertain the amount.

The adjudications of paragraphs one, two, six, nine and ten will be reversed. The judgment of the court below will be affirmed in all other respects.

[1]. Emphasis added.